**Mattie Ruth Estes DUNCAN, Appellant,**

**v.**

**Alice Frances ESTES, Ind. and as Independent Executrix of the Estate of James Alonzo Estes, Jr., Deceased, Appellee.**

**No. 5941.**

Court of Civil Appeals of Texas.

El Paso.

May 1, 1968.

Rehearing Denied May 29, 1968.

Turpin, Smith, Dyer, Hardie & Harman, Joseph Connally, Midland, for appellant.

Leonard Howell, Midland, for appellee.

OPINION

PRESLAR, Justice.

This suit involves the disposition of funds accumulated in the name of James Alonzo Estes, Jr. with The Permian Profit Sharing Trust, which has paid such funds into court and is not a party to this appeal. Claimants of the fund are the appellant, Mattie Ruth Estes Duncan, who was divorced from James Alonzo Estes, Jr. some five years before his death, and is shown to be the named beneficiary on a form executed by the deceased and made a part of his records with The Permian Profit Sharing Trust, and appellee, Alice Frances

Estes, his wife at the time of his death and the recipient of all of his property under his will. Trial was to the court without a jury, and the funds, in the amount of $3,-571.98, were awarded to appellee, Alice Frances Estes.

The Permian Profit Sharing Trust is a plan, details of which will be noted later, in which employees of participating companies may contribute from their incomes to a savings account and have their contributions matched by their employer. James Alonzo Estes, Jr., as an employee of one of the companies, joined the plan on January 1, 1961, was divorced from Mattie Ruth on October 31, 1961, married Alice Frances in December, 1963, and died in November 1966. At the time of his entry into the plan he executed the form designating Mattie Ruth Estes, his wife, as beneficiary in the event of his death, and did not, during his lifetime, make any change of such designation with the trustee.

By her first point of error appellant complains of the failure of the trial court to respond to her request for findings of fact in time for her to request additional findings, and that such failure deprived her of a vital finding that James Alonzo Estes, Jr. executed the designation of beneficiary in question. This point is no longer of any consequence as appellee admits the execution of the instrument.

Appellant's remaining point of error is that the trial court erred in failing to hold that the designation of beneficiary executed by James Alonzo Estes, Jr., deceased, created in appellant, Mattie Ruth Estes Duncan, a vested interest in The Permian Profit Sharing Trust. We are of the opinion that the judgment of the trial court was correct.

The designation of beneficiary executed by James Alonzo Estes, Jr. was in the form used by The Permian Profit Sharing Trust for such designations, but it was not executed in keeping with the written terms of the trust agreement. This instrument required the participating employee to execute a written designation of a beneficiary and acknowledge it as is required for acknowledgment of deeds. The form executed by James Alonzo had no jurat and was not acknowledged.

The stated purpose of the plan is:

"This trust is created for the purpose of encouraging saving and self-provision for the future on the part of employees of the Companies to share in the profits of the Company by which they are employed."

The plan is essentially a savings plan by which the eligible employee could choose to participate or not to participate, but if he did elect to put a percentage of his pay into the plan, the employer would deduct such amount from his pay and match it with a like amount. The total fund was then invested by the trustees for possible additional earnings. The "distributable amount" of an employee could be withdrawn by him, and it was automatically paid over to him when his employment ceased for any cause. The plan provided:

"If, prior to receiving the payment of the full distribution hereunder to which he is entitled, a participating employee or former participating employee dies or becomes subject to a legal disability, the total unpaid amount of his distributable amount shall be paid to such person or persons as may be designated by an instrument in writing, executed by such employee and acknowledged in the manner provided for the acknowledgment of deeds and filed during his lifetime and while under no legal disability with the Trustees, which designation may be revoked or modified by the employee from time to time by an instrument in writing, executed by such employee and acknowledged in the manner provided for the acknowledgment of deeds, without the joinder or consent of any prior designated beneficiary, filed during his lifetime with the Trustee, or if the designated beneficiary is dead or cannot be located by the Trustees, then the unpaid amount

of such employee's distributable amount shall be paid to such employee's surviving spouse, if any, or, if there is no surviving spouse, to the legal representatives of such employee. The person or persons to whom an employee's distributable amount becomes payable under the terms hereof is or are sometimes herein referred to as the 'beneficiary'."

As indicated, at the time James Alonzo entered the plan in January, 1961, he designated his then wife, Mattie Ruth, as his beneficiary. They were divorced in October of that year, at which time the testimony is that his "distributable amount" was some $72.50. Whatever the amount, it was at that time his property—he could withdraw it, or otherwise exercise control of it under the terms of the plan or, if his employment terminated, it was paid to him. It was, at the time of divorce, his property, or property of the community, but nevertheless property, and as such was subject to the court's action in dividing or apportioning the property of the marriage. At that time any interest of Mattie Ruth was based on its being community property. Any interest based on her as the named beneficiary was contingent on the death or legal disability of James Alonzo, and we are of the opinion that she had at that time no vested interest in these funds. Accordingly, the interest which she had was disposed of by the divorce decree in which the disposition of the community property was by agreement of the parties, approved by the court. The pleadings and judgment in the divorce case were introduced into evidence in this case, and the court hearing this case had also heard the divorce case. In the case before us, the court found:

"James Alonzo Estes, Jr., and Defendant, Mattie Ruth Estes Duncan, effectively partitioned all community property belonging to them at the time of the divorce on October 31, 1961, including any existing or future rights in and to The Permian Profit Sharing Trust."

Being of the opinion that the trial court did not err in failing to hold that the des-

ignation of beneficiary executed by James Alonzo Estes, Jr. created in appellant a vested interest, the assignment of error is overruled.

Judgment of the trial court is affirmed.