James Lee TAYLOR, Appellant,

v.

Vera TAYLOR, Appellee.

No. 6049.

Court of Civil Appeals of Texas.

El Paso.

Dec. 31, 1969.

Rehearing Denied Jan. 21, 1970.

---

Walter K. Boyd, Jr. and Bill J. Ayers, Midland, for appellant.

Leonard Howell, Midland, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from a judgment granting appellee, Vera Lee Taylor, a divorce from appellant, James Lee Taylor, and ordering a division of the community property of the marriage. The assignments of error are directed to that portion of the judgment relating to division of the community property. We are of the opinion that reversible error is not presented and that the judgment should be affirmed.

All five assignments of error are directed at the action of the court in its disposition of a balance of $23,959.26 in appellant's account No. 87805 in The Permian Profit Sharing Trust. The stated purpose of the Trust is that of encouraging saving and self-provision for the future on the part of employees of the participating companies. Employees contribute from their incomes and have their contributions matched by their employers to make up the corpus of the Trust, which is invested for possible, but not guaranteed, additional earnings. Participation is voluntary, and an employee may voluntarily withdraw. Participation ends upon termination of employment with an employer involved in the plan. By its judgment, the court in this case ordered appellant-husband to withdraw from the Trust and pay one-half of the $23,959.26 to the appellee-wife. Under the provisions of the Trust, the only way the husband can withdraw his share is to withdraw from participation in the plan altogether. There is no contention that the funds in the Trust are not community property, but the vice of the court's action, the appellant urges, is that he is forced to cease to participate in order to make a present division with his wife.

By his Point of Error number One appellant says that the error of the court is that it did not have the power to order him to withdraw from participation in The Permian Profit Sharing Trust and to pay over the sum of $11,935.52 for the benefit of the wife. In this assignment he does not question the power of the court to divide community property, nor does he question the court's division of one-half to each, as being an abuse of discretion. The thrust of his argument is that there must be property available for division as to which the court can exercise its power to order a division, and that there is no authority for the court to order him to take a voluntary action to withdraw from the plan in accordance with its terms.

We are unable to agree with appellant that the court did not have the power to order him to withdraw from the plan. Article 4638, Texas Revised Civil Statutes Annotated, provides in part: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right * * *". There can be no doubt that the property in question was in existence and "available". Under the provisions of the plan, appellant could, at any time, withdraw it and reduce it to his possession, in the very manner ordered by the court. This court so held in Duncan v. Estes, Tex.Civ.App., 428 S.W.2d 675 (n. w. h.). The cited statute gives the court the power to divide the property, and it seems elementary that the power to divide would include or be accompanied by the power to issue such orders as necessary to effect the division. This, where the property is available and the party subject to the order

is before the court. We agree with appellee that it would be strange logic indeed if our courts, having the duty to adjust and divide property between the parties to a divorce, were precluded from compelling action on the part of the parties to accomplish a physical division of such property. Except for the fact that appellant must withdraw from participation in the plan in order to withdraw his funds, the situation is not unlike the withdrawing of funds from a savings or bank account. It is this penalty—the necessity of withdrawal from the plan in order to get the funds—which comes out as appellant's real dissatisfaction with the court's judgment. He makes a strong argument that the withdrawal is detrimental to both parties in the long run; that it is wasteful, and penalizes him more than the mere division of the funds. These contentions have merit, but they are not a matter calling for reversal of the judgment. Rules 434 and 503, Texas Rules of Civil Procedure. It is a sad fact of the process of divorce that the division of the property often has a damaging effect far beyond the value of the property divided. A thriving business with normal debts can be wiped out when it becomes necessary to divide it physically. The matters here complained of involve the discretion of the trial court. The record before us indicates that he found that the wife had a present need for her portion of the funds; that she was sick and unable to work. The court found no other alternative to meet that need, and its judgment was that the best solution was the order complained of herein. The question before us is not whether we would have reached the same result, or whether we should select one of the alternative plans submitted by appellant. Rather, the question is whether the record shows that the court abused his discretion. The court has wide, but not unlimited discretion in the division of community property. Nelson v. Nelson (Tex.

Civ.App.1969), 436 S.W.2d 200 (n. w. h.). We would be reluctant to disturb it under normal circumstances, and we are even more reluctant to disturb it in the absence of a statement of facts. We are unable to conclude that there is any abuse of discretion, much less a clear abuse of discretion. Dillingham v. Dillingham (Tex.Civ.App. 1968), 434 S.W.2d 459 (error dis'm.).

■ Points of Error 5 and 2 challenge the court's determination as a matter of law that the appellant could withdraw from the plan within the framework of it, and that his interest therein was a distributable interest. We conclude otherwise from a reading of the plan, as we did in Duncan v. Estes, supra.

■ The remaining points of error either present the question of abuse of discretion or complaints as to findings of fact, and we are of the opinion that abuse of discretion is not shown, and we are unable to determine the assignments as to findings of fact because there is no statement of facts in the record. In the absence of a statement of facts, the trial court's findings of fact are binding on the appellate court, and it must be presumed that the evidence was sufficient and every fact necessary to support the findings and judgment was proved at the trial. Carter v. G & L Tool Company of Utah, Inc., 428 S.W.2d 677 (Tex.Civ.App., San Antonio 1968, n. w. h.); Mulcahy v. Cohen, 377 S. W.2d 100 (Tex.Civ.App., Houston 1964, wr. ref. n. r. e.). The trial court made findings of fact and conclusions of law, and no complaint is made that such findings do not support the judgment, as provided by Rule 307, Texas Rules of Civil Procedure.

All assignments of error have been considered, and all are overruled, and the judgment of the trial court is affirmed.