Betty Marie GILLESPIE, Appellant,

v.

Mary A. MOORE, et al., Appellee.

No. 9349.

Court of Appeals of Texas,
Amarillo.

June 30, 1982.

Rehearing Denied July 21, 1982.

A. W. Salyars, Lubbock, for appellant.

Splawn & Simpson, John Simpson, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is a dispute over the ownership of life insurance proceeds. Appellee Mary A. Moore, the former wife of the decedent, William J. Gillespie, claims the money as the beneficiary named in the policy. Appellant Betty Marie Gillespie, the widow of the decedent, claims the money as independent executrix of the decedent's estate. We agree that the estate is entitled to the money and reverse and render that portion of the trial court's judgment awarding the money to Mrs. Moore.

While the decedent was married to Mrs. Moore, he purchased a $10,000.00 life insurance policy and named her as the beneficiary. When they were divorced, they signed a property settlement agreement, incorporated into the divorce decree, in which they made the following agreement concerning the insurance policy in question:

2.

Said William J. Gillespie, defendant, shall hence forth from this date have and hold as his separate property and estate and the said Mary A. Gillespie [now Moore] does hereby grant, sell, and convey unto him, the said William J. Gillespie, as his separate property and estate, the following:

\* \* \* \* \* \*

(i) ... the life insurance policy in the amount of $10,000.00, a lawyer's insurance policy, ... and the said Mary A. Gillespie hereby releases and transfers unto the said William J. Gillespie any and all interest and equities which she may have in and to such life insurance policies, *or the proceeds thereof, and agrees that she will in no event ever claim any interest in any of such policies or the proceeds thereof.* [Emphasis added.]

After the divorce, the decedent married appellant Betty Gillespie, but did not remove Mrs. Moore as the beneficiary of the $10,000.00 policy. After he died, Mrs. Moore sued the insurance company, claiming the money as the beneficiary named in the policy. The insurance company tendered the money into court and interplead Mrs. Gillespie, who cross-claimed the money for the estate, relying on the quoted paragraph in the property settlement agreement.[1]

After stipulating the pertinent facts, each party before us moved for summary judgment. The trial court granted Mrs. Moore's motion and rendered judgment awarding her $9500.00 and the insurance company $500 for attorney's fees. Mrs. Gillespie then appealed to this court, challenging the judgment in favor of Mrs. Moore by four points of error. The points present a single issue: does the property settlement agreement prevent Mrs. Moore from receiving the money as the designated beneficiary? We conclude that it does.

■ Our recent opinion in *Deen v. Deen*, 631 S.W.2d 215 (Tex.App.—Amarillo 1982, no writ), states the general framework within which the issue must be resolved. In *Deen*, we observed that a property settlement agreement incorporated into a divorce decree is a contract, binding on the parties and interpreted under general contract law. As with any other contract, it will be enforced as written unless its object is illegal or it was executed because of fraud, accident, or mutual mistake of fact. *Id.* at 216–17. When interpreting a settlement contract involving an insurance policy, the courts carefully distinguish ownership rights from beneficiary rights.[2] A spouse who conveys the ownership interest in a policy does not necessarily lose the right to receive the policy proceeds as the designated beneficiary. *Partin v. De Cordova*, 464 S.W.2d 956, 957 (Tex.Civ.App.— Eastland 1971, writ ref'd); *Pitts v. Ashcraft*, 586 S.W.2d 685, 695–696 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r.e.). The latter right can be lost, however, if it is clear from the agreement that the spouse also intended to surrender any claim to the proceeds as the designated beneficiary. 4 G. Couch on Insurance 2d § 27.114, at 655 (1960).

■ When the foregoing principles are applied here, it is apparent that Mrs. Moore cannot prevail. She specifically agreed that "she will in no event ever claim any interest [in the policy] *or the proceeds thereof.*" [Emphasis added.] By that provision, which is an integral part of the agreement, she contracted to refrain from making the exact claim she is now asserting. Her agreement is clear and unambiguous and can only mean that she intended to surrender both ownership rights and beneficiary rights. Thus, we must enforce the contract as written by the parties and deny Mrs. Moore any recovery in this case.

In the briefs the parties discuss, and draw varying degrees of comfort from, *Partin, Pitts* and similar cases where the spouse who gave up policy ownership was permitted to receive the policy proceeds as the designated beneficiary. In cases where that was the result, however, the settlement agreements did not address the issue

1. The policy states that payment will be made to the insured's executor if no designation of beneficiary is effective when the insured dies.

2. There is, of course, no "right" to be named as a beneficiary in the usual case. *Pitts v. Ashcraft*, 586 S.W.2d 685, 695 (Tex.Civ.App.—Cor-

pus Christi 1979, writ ref'd n.r.e.). However, if the spouse who gave up his or her ownership interest in the policy is the designated beneficiary when the insured dies, then a question of rights is posed.

of the beneficiarys' rights. It is obvious in those cases that the courts were simply enforcing the settlement contracts as written, without addition or subtraction of terms. We are doing the same thing here.

We conclude, therefore, that the trial court erred in failing to grant summary judgment to Mrs. Gillespie and in granting summary judgment to Mrs. Moore. Mrs. Gillespie's points of error are sustained and that portion of the trial court judgment awarding Mrs. Moore $9500 is reversed and judgment is rendered awarding that sum to Mrs. Gillespie as independent executrix of the estate of William J. Gillespie. That portion of the trial court judgment awarding the insurance company $500 for attorney's fees is affirmed.