Mary Elizabeth CONN, Appellant,

v.

Don TROW as Independent Executor of the Estate of Larry Lynn Trow, Deceased, Appellee.

No. 9468.

Court of Appeals of Texas, Texarkana.

July 29, 1986.

Christopher Bradshaw-Hull, Houston, for appellant.

Jane E. Brockus, Caroline Jackson, San Antonio, for appellee.

CORNELIUS, Chief Justice.

This is a dispute over the disposition of funds accumulated in the name of Larry Trow under a retirement plan with his employer. The plan was a flexible retirement annuity contract which provided that if the employee died before commencement of his annuity, certain "death benefits" would be payable to his designated beneficiary. Shortly before Larry Trow married Mary Conn, he enrolled in the plan and designated Mary Conn as his beneficiary. When Trow and Conn were later divorced, the decree contained this provision:

> Respondent is awarded the following as his sole and separate property and the Petitioner, MARY ELIZABETH CONN, is hereby divested of any title and interest in the following described property, . . .:
>
> . . . .
>
> 3. Any and all proceeds from Respondent's retirement plan through his employer, University of Texas Health Science Center in San Antonio.

Trow did not remove Mary Conn as the beneficiary. After Trow died Conn sued the insurance company, contending that as beneficiary she was entitled to the death benefits. The insurance company tendered the money into court and interpled Trow's executor, who in turn cross-claimed for the benefits.

After stipulating the pertinent facts both parties moved for summary judgment. The court granted Trow's motion and rendered judgment awarding the estate $19,381.23 plus interest. Conn raises one issue on appeal: does the divorce decree prevent her from recovering the death benefits as the designated beneficiary? We hold that it does.

■ Although the plan provided for an annuity to the employee if he survived, the death benefits which are payable at the employee's death are not insurance. Section 5.01 of the retirement plan provides that death benefits will be the accumulated value of the investments and earnings attributable to the contributions made on the employee's behalf, or the total amount of contributions made on his behalf, whichever is greater. The death benefits, then, are simply the property of the employee, either separate or community depending on the source. *Duncan v. Estes*, 428 S.W.2d 675 (Tex.Civ.App.—El Paso 1968, no writ). To the extent that such death benefits were separate property, they belonged to Larry Trow at the divorce, and to the extent that they were community property, they were subject to division by the trial court. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977).

■ Both parties stipulated that the decree's property division reflected their agreed property settlement. A property settlement agreement incorporated into a divorce decree is a contract and is to be interpreted as a contract. *Gillespie v. Moore*, 635 S.W.2d 927 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.); *Deen v. Deen*, 631 S.W.2d 215 (Tex.App.—Amarillo 1982, no writ), and cases there cited. Both parties concede that the agreed property division is unambiguous and that its interpretation is a question of law. We find that the clear and express language of the decree requires that it be construed to cover all proceeds, including the death benefits. The decree specifically divests Conn of any interest in the *proceeds* of the plan. The retirement plan contract expressly refers to death benefits as proceeds. The court properly granted summary judgment for Trow.

The judgment of the trial court is affirmed.