Lynda J. SANDERLIN, Appellant,

v.

John SANDERLIN, Executor of the Estate of Jerry Marshall Sanderlin, Appellee.

No. 04–95–00600–CV.

Court of Appeals of Texas, San Antonio.

Aug. 30, 1996.

Rehearing Overruled Sept. 20, 1996.

Robert Garza, Del Rio, for Appellant.

Nathan A. East, Portland, for Appellee.

Before RICKHOFF, STONE and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

This dispute concerns the disposition of funds in the Texas Teacher Retirement System accumulated by Jerry Sanderlin. Sanderlin was married to a woman named Lynda for five months and then obtained a divorce. During the period of the marriage, and after the divorce action was filed (but not final), he filled out a beneficiary form making his wife of five months the beneficiary to his accumulated retirement benefits for a lifetime of work. She divorced him in any case, and the divorce decree said that he would get all of the teacher retirement, and the five-month wife would be totally divested of all such property. Specifically, the divorce decree contained this provision:

It is ordered and decreed that the estate of the parties is divided as follows:

The respondent is awarded the following as the respondent's sole and separate property, and the petitioner is divested of all right title, interest and claim in and to such property:

(5) All sums, matured or unmatured, accrued or unaccrued, vested or otherwise, and all increases thereof, the proceeds therefrom, and from any other rights related to the retirement plan or fund existing by reason of the respondent's past service and contributions to the Texas Teacher Retirement System of Texas.

■ After the divorce, Jerry Sanderlin died. The question in this case is does the divorce decree control, or does the beneficiary form control? The divorce decree was subsequent to the beneficiary form.

John Sanderlin, as administrator of the Estate of Jerry M. Sanderlin, filed a motion for enforcement and clarification of the prior order. John Sanderlin asked that the court construe and clarify the terms of the prior divorce decree to prevent Lynda J. Sanderlin from making any claim to the proceeds of the Texas Teacher Retirement System and to order her to execute all documents necessary to waive any interest in the proceeds. The trial court rendered judgment that Lynda J. Sanderlin was prohibited from making claim to the proceeds of the Texas Teacher Retire-

ment System. Lynda Sanderlin appeals from that judgment and brings one point of error.

Lynda Sanderlin argues that the trial court erred in concluding that the property division contained in the divorce decree operated to revoke the designation of beneficiary form previously signed by Jerry Sanderlin. It is appellant's argument that the divorce decree has no effect in this area. According to appellant, to the extent that the decree is contrary to the beneficiary designation form, the divorce order is null and void.

■ The benefits at issue in this case are property of the employee which are either separate or community depending on the source. *Conn v. Trow,* 715 S.W.2d 152, 153 (Tex.App.—Texarkana 1986, no writ); *Duncan v. Estes,* 428 S.W.2d 675, 677 (Tex.Civ. App.—El Paso 1968, no writ). The retirement benefits that accrued prior to the marriage were the separate property of Jerry and those that accrued during the five-month marriage were community property. *See Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex.1977).

■ Jerry and Lynda Sanderlin agreed to a division of their marital estate. That agreement was incorporated into the divorce decree. An agreed judgment is both a contract and a judgment and is interpreted under the rules of contract construction. *See Allen v. Allen,* 717 S.W.2d 311, 313 (Tex. 1986); *McGoodwin v. McGoodwin,* 671 S.W.2d 880, 882 (Tex.1984); *see also Conn v. Trow,* 715 S.W.2d at 153. The parties' agreement is all-encompassing. Lynda Sanderlin is "divested of all right, title, interest and claim" to "all sums ... increases ... proceeds ... and any other rights related to the retirement plan or fund existing by reason of [Jerry Sanderlin's] past service and contributions to the Texas Teacher Retirement System of Texas." The intention of the parties with regard to Jerry's teacher retirement is clear. Lynda is not to receive any of it. We hold that the clear and express language of the decree requires that Lynda Sanderlin not be allowed to receive any of the *proceeds* related to Jerry's teacher's retirement. The divorce decree, which was

entered after Jerry signed the beneficiary form, operates to extinguish any rights that Lynda may have had as a result of the beneficiary designation. *Conn v. Trow*, 715 S.W.2d at 153.

Lynda argues that, with regard to the teacher retirement benefits, the divorce decree is inoperative as a result of two statutory provisions. Specifically, Lynda directs this court's attention to Government Code section 824.101(d) which provides:

> Unless a contrary intention is clearly indicated by a written designation of beneficiary and except as otherwise provided by law, the most recent designation of beneficiary by a member or annuitant applies to all benefits payable on the death of the member or annuitant.

Lynda also relies on Texas Family Code section 3.633 which regulates the disposition of interests in retirement benefits and other financial plans. Family Code section 3.633(e) provides that "[t]his section does not apply to the disposition of a beneficial interest in a retirement benefit or other financial plan of a public retirement system as established by Section 802.001, Government Code." According to Lynda these two statutory provisions taken together mean that the beneficiary form takes precedence over the divorce decree. We do not agree.

Government Code section 824.101(d) says that it is applicable "except as otherwise provided by law." Here, the trial court, based upon the parties written agreement, entered judgment that Lynda did not have any interest in the retirement benefits. There is no question that Lynda agreed voluntarily to waive any claim or interest in the retirement benefits. This broad disclaimer clearly encompasses the designation of beneficiary form. There is no evidence presented that the agreement was ambiguous or made under duress or as a result of fraud or mutual mistake. The agreement was incorporated into the trial court's judgment. As such, it was fully binding upon the parties and declared the court's resolution of the law and the facts at issue in the case. The settlement agreement incident to divorce, in which Lynda was expressly divested of any right, interest, title or claim to Jerry's retire-

ment benefits falls within the "except as otherwise provided by law" language. Government Code section 824.101(d) does not apply in this case.

This court's construction of the statutes in question is supported by both law and common sense. A trial court is required to divide the parties estate upon divorce. TEX. FAM. CODE ANN. § 3.63 (Vernon's 1993). A settlement agreement incident to divorce is a contract between the spouses. As such, it is treated as a contract. *McGoodwin v. McGoodwin*, 671 S.W.2d at 882. When construing a contract, the court's primary concern is to give effect to the written expression of the parties' intentions. *Harvey v. Harvey*, 905 S.W.2d 760, 764 (Tex.App.—Austin 1995, n.w.h.). A contract should be construed to give effect to "its ordinary meaning" and the objective intent of the parties as expressed or apparent in the writing. *See Bass v. Bass*, 790 S.W.2d 113, 118 (Tex.App.—Ft. Worth 1990, no writ). In this case, the trial court gave effect to the "ordinary meaning" of the property settlement incident to the divorce decree. The divorce settlement specifically states that Lynda is "divested of all right, title, interest, and claim in and to" Jerry's teacher's retirement. The "ordinary meaning" of this provision is clear: Lynda does not get any of Jerry's retirement. Any attempt by Lynda to claim any benefits connected with Jerry's teacher retirement would be a breach of contract. Pursuant to the law of contracts and settlements incident to divorce, Lynda cannot receive any of Jerry's retirement benefits. Therefore, this case falls within the "except as otherwise provided by law" provision in Government Code § 824.101(d).

Furthermore, Lynda's construction of the statutes in question would lead to an absurd result. According to Lynda, she may freely contract away and divest herself of all right, title, interest, and claim to the retirement benefits, yet she is entitled to receive Jerry's retirement benefits. This cannot be the law. Finally, any reasonable person signing the divorce decree would believe that the decree divests the ex-spouse of any interest in the retirement benefits. We hold that the trial court was correct in concluding that Lynda

had no rights to any of Jerry's teacher retirement benefits. We overrule Lynda's sole point of error.

We affirm the trial court's judgment.