Dorothy MORGAN, Appellant,

v.

Lorenzo HORTON, Sr., Appellee.

No. 05–83–00933–CV.

Court of Appeals of Texas,
Dallas.

July 24, 1984.

William R. Holman, Dallas, for appellant.

Bob Shoemaker, Dallas, for appellee.

Before STEPHENS, SPARLING and ROWE, JJ.

ROWE, Justice.

At issue on appeal is whether an ex-wife, divorced since 1958, is entitled to a belated partition of her ex-husband's teacher retirement benefits. The trial court sustained a plea in bar asserted by the ex-husband which was grounded on the doctrine of res judicata but overruled the ex-husband's plea wherein the bar was grounded on an exemption provision in the Teacher Retirement System, now TEX.REV.CIV.STAT. ANN., TITLE 110B, § 31.005 (Vernon Pamphlet 1983). The parties seek reversal of the trial court's action adverse to each. For reasons given below, we agree with the ex-wife's contentions that her entitlement to these benefits was not adjudicated by the divorce court and that partition is not foreclosed by the claimed statutory prohibition. Accordingly, we reverse the order of the trial court dismissing the ex-wife's petition, reinstate the cause, and remand for trial on the merits.

■ *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970), holds that where a divorce decree fails to provide for a division of some item of community property, such as retirement benefits, the husband and wife become tenants in common or joint owners thereof and that the judgment entered in the divorce suit does not preclude a subsequent partition of this undivided community property. Under this holding, the critical inquiry here is whether the underlying divorce decree made some provision for the parties' teacher retirement benefits. Our review of the record and pertinent authorities convinces us that it did not.

■ The divorce decree makes no specific reference to retirement benefits. The decree does include a finding that the parties' community property should be "divided and set aside as hereinafter decreed," and the "several items" of property awarded to each party are described as constituting "a full and complete division of all property rights existing between said parties." One piece of community real estate is described, and possessory rights to it are demarcated, but no partition is ordered. The husband is expressly given full title to a Chevrolet automobile and to "all furniture and effects and other articles of personal property now in his possession." The wife is expressly given full title to "all household furnishings and equipment and personal property and like effects now in her possession." No allocation is made respecting property rights not specifically mentioned, i.e., there is no "catch all provision" or residuary clause of the type which was found to justify a res judicata defense as in *Bloom v. Bloom,* 604 S.W.2d 393 (Tex.Civ.App.—Tyler 1980, no writ) and *Jacobs v. Cude,* 641 S.W.2d 258 (Tex.Civ.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). We conclude from the above that the judgment on its face leaves unresolved, and thus open for further determination, the rights of the parties to property existing between them of a category other than that named in the dispositive sections of the decree. Teacher retirement benefits fall into this other category. The recitation that the decree makes a complete division of the parties' property rights is, in retrospect, not supported by the facts and being erroneous is without controlling effect. *See Trahan v. Trahan,* 609 S.W.2d 820 (Tex.Civ.App.—Texarkana 1980), *reversed on other grounds,* 626 S.W.2d 485 (Tex. 1981).

The husband argues that even though his ex-wife's right to teacher retirement benefits was not "actually" tried in the former proceeding, this right "might" have been tried and is barred under the rule applied in *Ladd v. Ladd,* 402 S.W.2d 940 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.). We cannot agree. The issue presented in *Ladd* concerned an unjust division of the entire community property (because of improper legal representation) rather than a failure to divide some particular piece of community property through oversight or otherwise. Also, in *Ladd,* the trial court had entered a finding, missing here, that all community property rights *had* been brought into issue in the earlier proceeding. Because of these distinguishing features, *Ladd* has been treated as being not in point in cases such as this. *Clendenin v. Krock,* 527 S.W.2d 471 (Tex. Civ.App.—San Antonio 1975, no writ); *Busby v. Busby,* 439 S.W.2d 687 (Tex.Civ.App. —Austin 1969), *affirmed,* 457 S.W.2d 551 (Tex.1970). The ex-wife's sole point of error is sustained.

The ex-husband urges by cross-point that notwithstanding the validity of his ex-wife's point of error, the judgment below should be affirmed because his teacher retirement benefits are statutorily exempt from partition at the behest of his ex-wife. Relied upon for this exemption is TEX. REV.CIV.STAT.ANN. Title 110B, § 31.005 (Vernon Pamphlet 1983), which provides as follows:

> All retirement allowances, annuities, refunded contributions, optional benefits, money in the various retirement system accounts, and rights accrued or accruing under this subtitle to any person are exempt from garnishment, attachment, state and municipal taxation, sale, levy, and any other process, and are unassignable.

The ex-husband treats this issue as one of first impression, but we are convinced that *Collida v. Collida,* 546 S.W.2d 708 (Tex.Civ.App.—Beaumont 1977, writ dism'd) is closely enough in point to be controlling. Although *Collida* concerned

the Firemen's Relief and Retirement Fund, a brief *amici curiae* was filed therein by the Attorney General of Texas in behalf of the Teacher Retirement System and other state pension plans because of the similarity of the exemption provision in each plan. A division of retirement benefits was allowed in that divorce proceeding despite the exemption provision applicable there. The court found the intended purpose of the provision to be to protect the interests in the retirement fund from creditors and assignees of the member, and found one spouse to be neither a creditor nor an assignee of the other when in a divorce proceeding a division of community benefits was sought. The same construction applies to § 31.005. Accordingly, we hold that § 31.005 does not prevent a partition between spouses of teacher retirement benefits acquired during marriage when a division of these benefits is otherwise justifiable under TEX.FAM.CODE ANN. § 3.63 (Vernon Supp.1984). The ex-husband's cross-point is overruled.

Reversed and remanded.