**IRVING FIREMAN'S RELIEF AND RETIREMENT FUND a/k/a Irving Fireman's Relief and Retirement Fund Board, Appellant,**

v.

**Donald E. SEARS and Lynna D. Sears, Appellees.**

No. 05–90–00468–CV.

Court of Appeals of Texas, Dallas.

Dec. 21, 1990.

Don Rorschach, Cathy L. Meyer, and Paul K. Pearce, Jr., Irving, for appellant.

Dennis G. Brewer, Jr., Irving, for appellees.

Before HOWELL, STEWART and BAKER, JJ.

## OPINION

HOWELL, Justice.

Irving Fireman's Relief and Retirement Fund appeals from a final decree of divorce ordering the fund to pay to Lynna D. Sears ("Wife") a portion of the benefits that would otherwise become payable to Donald E. Sears ("Husband"). In two points of error, the fund contends that the trial court erred in ordering it to pay a portion of the benefits which may become due to Husband directly to Wife because: (1) Chapter 76 of Title 110B of the Texas Revised Civil Statutes, to which the fund is not subject, provides the exclusive mechanism whereby the fund might be compelled to make payments directly to a nonmember, such as Wife; and (2) section 5 of article 6243e of the Texas Revised Civil Statutes exempts the fund from any process including a final decree of divorce. We overrule both points and affirm the trial court.

Chapter 76, *inter alia,* requires a public retirement fund to honor a "Qualified Domestic Relations Order" ("QDRO"), as defined therein, even though the fund is not named as a party to the divorce and, indeed, if it had no prior notice of the proceedings. As a part of the final decree of divorce between Husband and Wife, the court below entered a QDRO that called for the fund to pay directly to Wife a portion of the benefits which might become due to Husband. Upon being served with a copy of the order, the fund notified Wife that it refused to make direct payments to her declaring that it was not subject to the requirements of Chapter 76. Wife then filed a motion for new trial and motion to vacate, modify or reform seeking joinder of the fund as a party and a new trial on the limited issue of property division. Husband consented to this motion. The trial court granted Wife's motion for new trial and joined the fund as a party to the divorce action. The trial court entered a new final decree of divorce which ordered the fund to pay directly to Wife a portion of the benefits which may become due to Husband. The fund now appeals this divorce decree.

■ The fund argues in its second point of error that the spendthrift provision of section 5 of article 6243e exempts it from any court order requiring direct payment of benefits to a nonmember. The former spendthrift provision was section 13 of arti-

cle 6243e.[1] Tex.Rev.Civ.Stat.Ann. art. 6243e, § 13 (Vernon 1979). The effect of section 13 was addressed in *Collida v. Collida*, 546 S.W.2d 708 (Tex.App.—Beaumont 1977, writ dism'd).

In *Collida*, the trial court joined the Board of Firemen's Relief and Retirement Fund Trustees of Port Arthur as a party and ordered it to pay the wife one-half of the retirement benefits otherwise payable to the husband. The board contended that section 13 precluded an order that it make payments directly to her; the appellate court held otherwise. *Id.* at 710. The court held that section 13 was limited to protection of the benefits from the annuitant's creditors and assignees. The wife was held to be neither a creditor nor an assignee, but the owner of a community interest in the fund. *See Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970). The spendthrift provision did not apply to her claim.

The spendthrift provision in article 6243e was amended in 1989 and is now found in section 5 of article 6243e.[2] Tex.Rev.Civ. Stat.Ann. (Vernon Supp.1991). Appellant has not cited and we have found no authority construing the new spendthrift provision. However, in *Morgan v. Horton*, 675 S.W.2d 602 (Tex.App.—Dallas 1984, no writ), this Court addressed an almost identical provision and rejected the claim of the ex-husband that section 31.005 of Title 110B exempted his teacher retirement benefits from partition on suit of the ex-wife.[3] In doing so, we found *Collida* controlling.

We now hold that the re-enactment of the spendthrift provision here in suit worked no substantial change; on authority of *Collida* and *Morgan* we hold that the fund now before us may not invoke section 5 as a defense to this action. The provision under attack was not enacted to shield retirement benefits from court orders dividing the amounts to become payable and ordering direct payment of a spouse's community interest. We overrule the point of error.

The fund also contends that Chapter 76 of Title 110B provides the exclusive mechanism to compel a public retirement system to pay benefits to a nonmember. The fund argues that because it has not elected to be bound by the provisions of Chapter 76, the trial court cannot order it to pay benefits directly to a nonmember.

Chapter 76 does provide that only those public retirement systems *governed by its provisions* can be ordered to pay benefits directly to a nonmember by a QDRO. Tex. Rev.Civ.Stat.Ann. Title 110B, § 76.003(a) (Vernon 1991 Pamphlet). Public retirement systems *governed* by Chapter 76 may not be joined as a party to a divorce action. Tex.Rev.Civ.Stat.Ann. Title 110B, § 76.003(c) (Vernon 1991 Pamphlet). Any party attempting to join a public retirement system which is *governed* by the provisions of Chapter 76 is liable to the public retirement system for its costs and attorney's fees. *Id.* Chapter 76 also provides that its

---

**1.** Former section 13 provided: "No portion of said Firemen's Relief and Retirement Fund shall, either before or after its order of disbursement by said Board of Trustees to such retired or disabled fireman or the widow, the guardian of any minor child or children, or the dependent parent of any such deceased, retired, or disabled fireman, be ever held, seized, taken, subjected to, or detained, or levied upon by virtue of any execution, attachment, garnishment, injunction, or other writ, order, or decree, or any process, or proceedings whatsoever issued out of, or by, any Court of this State for the payment or satisfaction in whole or in part, of any debt, damage, claim, demand, or judgment against such fireman or his widow, the guardian of his minor child or children, his dependent father or mother, nor shall said Fund nor any claim thereto be directly or indirectly assigned or transferred and any attempt to transfer or assign the same shall be void. Said

Fund shall be sacredly held, kept, and disbursed for the purposes provided by this Act and for no other purpose whatever."

**2.** The present section 5 provides: "All amounts in a trust fund of a retirement system subject to this Act and all rights accrued or accruing under this Act to any person are exempt from garnishment, attachment, execution, state and municipal taxation, sale, levy, and any other process and are unassignable."

**3.** Section 31.005 provided: "All retirement allowances, annuities, refunded contributions, optional benefits, money in the various retirement system accounts, and rights accrued or accruing under this subtitle to any person are exempt from garnishment, attachment, state and municipal taxation, sale, levy, and any other process, and are unassignable."

provisions *govern* some retirement systems automatically. Other retirement systems, such as the fund now before us, can elect to be excluded from its provisions. TEX. REV.CIV.STAT.ANN. Title 110B, § 76.002 (Vernon 1991 Pamphlet).

The appellant fund insists that when the legislature created Chapter 76, it overruled *Morgan* and *Collida* and that Chapter 76 was ordained as the sole means by which a public retirement system can be ordered to pay benefits to a nonmember. It argues that by electing not to adopt the provisions of Chapter 76, it has immunized itself from attempts to force it to make payments to nonmembers. In effect, it seeks a position where it can refuse to honor a QDRO created by the statute and where it is also immune from direct suit. We reject the contention.

■ When construing a statute, our dominant consideration is to ascertain the intention of the legislature. *City of West Tawakoni v. Williams*, 742 S.W.2d 489, 491 (Tex.App.—Dallas 1987, writ denied); *Burlington Northern R.R. v. Harvey*, 717 S.W.2d 371, 375 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The intent of the legislature is found in the language of the statute, the legislative history of the statute, and the context of the entire law within which the statute is located. *Williams*, 742 S.W.2d at 491. The legislature is presumed to have acted with full knowledge of the existing laws, unless a contrary intent is clearly demonstrated. *Driscoll v. Harris County Comm'rs Court*, 688 S.W.2d 569, 580 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *First Nat'l Bank v. Hackworth*, 673 S.W.2d 218, 221 (Tex.App.—San Antonio 1984, no writ). Our interpretation of the statute must be fair, rational, reasonable, and consistent with the legislative intent. *Metropolitan Transit Auth. v. Plessner*, 682 S.W.2d 650, 653 (Tex.App.—Houston [1st Dist.] 1984, no writ). A statute should not be construed to produce an unjust or unreasonable result. *Id.*

■ The fund concedes that, unless Chapter 76 has changed the pre-existing law, it was proper for the trial court to join

it as a party and order it to make payments directly to Wife. Nowhere in Title 110B or Title 8 of the Government Code do we discern a legislative intent to overrule *Morgan* and *Collida*. We presume that the legislature acted with full knowledge of the existing law as declared in *Morgan* and *Collida*. To the contrary, we discern a legislative intent to leave the law as it previously existed wherever a retirement system such as appellant fund elects not to bring itself within the provisions of Chapter 76.

We hold that Chapter 76 did not establish the exclusive mechanism by which a public retirement system electing not to be governed by Chapter 76 can be forced to pay benefits directly to a nonmember. Those public retirement systems which elect to adopt the provisions of Chapter 76 can utilize its provisions regarding QDROs. Appellant fund and others who decide not to adopt Chapter 76 are still subject to joinder in a divorce action. We overrule the point of error and affirm the judgment of the trial court.