United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————————

No. 04-20311

————————————————————

IN THE MATTER OF: JOSEPH C. COPPOLA,

Debtor.

JOSEPH C. COPPOLA,

Appellant,

v.

SHERI LYN BEESON; RONALD J. SOMMERS,

Appellees.

*************************************************************

————————————————————

No. 04-21013

————————————————————

IN THE MATTER OF: JOSEPH C. COPPOLA,

Debtor.

JOSEPH C. COPPOLA,

Appellant,

v.

SHERI LYN BEESON,

Appellee.

Appeals from the United States District Court
for the Southern District of Texas

Before GARWOOD, JONES, and PRADO, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Debtor Coppola challenges
a judgment denying his retirement annuity account exemption in
bankruptcy and a separate judgment that the same account is not a

"retirement system" account under Chapter 821 of the Texas Government Code, protected from the consequences of assignments or pledges. For the reasons stated herein, we AFFIRM the lower courts' judgments.

BACKGROUND

On October 11, 1999, Joseph C. Coppola and his wife Sheri Lyn Beeson divorced. The divorce decree provides for fifty-three monthly alimony payments of $4,000, totaling $212,000, which were declared deductible from Coppola's taxable income and included as taxable income to Beeson. Coppola owned a retirement account as a faculty member employed by a state-supported educational institution; the account served as an alternative to his participation in the Texas Teachers Retirement System. He assigned/pledged funds from his Optional Retirement Program Account ("ORPA"), a qualified employer §403(b) retirement plan,[1] to Beeson as security for the alimony payments. The divorce decree provides:

> Security for Alimony — The payments of alimony as set out herein shall be secured by all interest held by Paying Party [Joseph C. Coppola] in Aetna 1353674182292 retirement fund. Said retirement held in the name of Joseph C. Coppola in an amount not less than $212,000.00. Moreover, the parties agree and it is ORDERED that Joseph C. Coppola shall continue to pay to the named Receiving Party, Sheri Lyn Beeson, as the beneficiary of said retirement fund until the full amount of the alimony obligation has been paid.

The account was then worth over $640,000.

---

[1] A § 403(b) retirement plan is one that complies with the requirements of § 403(b) of the Internal Revenue Code (hereafter, "I.R.C.").

2

Coppola made alimony payments for approximately fourteen months. Around December 2000, he stopped payment and began withdrawing substantial sums from the ORPA. Pursuant to the default and acceleration provisions of the decree, Beeson filed an action in state court to recover the funds. On October 11, 2001, Coppola retaliated with a Chapter 7 bankruptcy petition and claimed an exemption for his ORPA under TEX. PROP. CODE ANN. § 42.0021. Trustee Ronald J. Sommers and Beeson filed objections to the exemption.

Following an adversary proceeding, the bankruptcy court found that:

> pursuant to Section 72(p) of the Internal Revenue Code, the amount of the agreed pledge or assignment is deemed to have been received by Debtor as a distribution from the OPR account . . . the amounts deemed to have been distributed are no longer part of a qualified plan, and therefore, may not be exempted by Debtor under Texas Property Code Section 42.0021.

The district court affirmed this judgment.

Beeson was required to file another adversary proceeding asserting the non-dischargeability of her alimony payments under 11 U.S.C. § 523(a)(5) and the validity of her security interest in Coppola's ORPA. After a trial on the issues, the bankruptcy court again ruled for Beeson. The district court affirmed that judgment, additionally holding that the ORPA is not a "retirement system" within the meaning of Chapter 821 of the Texas Government Code. Coppola has appealed both judgments.

3

## STANDARD OF REVIEW

Applying the same standards as the district court, we review the bankruptcy court's conclusions of law de novo, and its findings of fact for clear error. In re Young, 995 F.2d 547, 548 (5th Cir. 1993). A bankruptcy court's factual findings must be upheld unless, considering all the evidence, this court forms "a definite and firm conviction that a mistake has been made." Id.

## DISCUSSION

The first issue, logically, is whether Beeson has a valid security interest in the assigned/pledged portion of Coppola's ORPA. There is little point in our determining whether the ORPA is exempt from creditors if Texas law prevents the account, as Coppola contends, from being assigned or pledged.

Coppola contends that the assigned/pledged portion of the ORPA constitutes a "retirement account" under Texas Government Code Chapter 821, and thus subject to § 821.005, a provision that bars assignment of such accounts. We disagree. Moreover, even if § 821.005 shielded the ORPA as a retirement account, Texas law excepts divorce decrees from the anti-assignment provision.

Texas Government Code Chapter 821 governs the Texas Teachers Retirement System plan. Coppola's ORPA, however, is an individualized annuity alternative plan provided to the faculty of higher education institutions and educational administrators under the separate framework of Chapter 830. Unlike Chapter 821, Chapter

4

830 lacks an anti-assignment provision. Coppola's analogical arguments based on, e.g., TEX. GOVT. CODE ANN. § 659.121(6) (benefit replacement pay), are inapposite and his arguments regarding other Texas Government Code provisions are unavailing because individual account plans such as the ORPA at issue are excluded from consideration under these provisions. See TEX. GOV. CODE ANN. § 801.001. If anything, the cross-references that combine both types of retirement accounts suggest strongly, under standard canons of statutory construction, that the legislature intended to omit Chapter 830 plans from the scope of § 821.005. Finally, even if generally applicable, anti-assignment provisions like that embodied in § 821.005 were "not enacted to shield retirement benefits from court orders dividing the amounts to become payable and ordering direct payment of a spouses's community interest." Irving Fireman's Relief and Retirement Fund v. Sears, 803 S.W.2d 747, 749 (Tex. App.-Dallas 1990). In Irving, the court also held that spendthrift provisions "are limited to protection of the benefits from the annuitant's creditors and assignees." The wife was held to be neither a creditor nor an assignee, but the owner of a community interest in the fund. Id.

Not only was Coppola's interest in his ORPA assignable, but it was in fact validly pledged to secure Beeson's alimony by the terms of the divorce decree, and the security interest was perfected, in lieu of U.C.C. compliance, by the divorce judgment. See TEX. BUS. & COM. CODE, ANN. § 9.104(8) (excepting interest created

5

by court judgment from the perfection requirements of Article 9); Goetz v. Goetz, 567 S.W.2d 892, 895 (Tex. Civ. App.-Dallas 1978) (holding that a debtor's right in collateral may be transferred by court order).

Coppola next asserts that the ORPA is exempt from creditors in bankruptcy pursuant to 11 U.S.C. § 522(b), which incorporates exemptions authorized by federal, state or local law. In pertinent part, TEX. PROP. CODE ANN. § 42.0021 provides that:

> (a)  . . . <u>a person's right to the assets</u> held in or to receive payments, whether vested or not, under any stock bonus, pension, profit-sharing, or similar plan, including a retirement plan for self-employed individuals, and under any annuity or similar contract purchased with assets distributed from that type of plan, and <u>under any retirement annuity or account described by Section 403(b) . . . is exempt</u> from attachment, execution, and seizure for the satisfaction of debts <u>unless the plan, contract, or account does not qualify under the applicable provisions of the Internal Revenue Code of 1986</u>. . . .

Coppola's ORPA is thus exempt unless it failed to qualify under the applicable I.R.C. provision at the time the § 42.0021 exemption was claimed.

Coppola maintains that various provisions of federal law treat an assignment/pledge of assets from a qualified employer plan as a loan from the plan to the individual, which is considered a "deemed distribution," as opposed to an "actual distribution" for the purposes of exemption under I.R.C. §§ 401, 401(k)(2)(B), 402, and 403(b)(11). The Trustee and Beeson do not contest the deemed distribution status of the assignment/pledge. They contend instead

6

that the Debtor's conveyance converted the assigned/pledged portion of the ORPA into a non-tax qualified sum resulting in tax consequences to Coppola and effectively removing the funds from the account, rendering that portion of the ORPA non-exempt under Texas law. To resolve this dispute, we turn to the federal tax provisions.

Coppola's assignment of $212,000 from his § 403(b) ORPA as security for the alimony due under his divorce decree constituted a loan within the meaning of I.R.C. § 72(p)(1)(B). That section provides that:

> (B) Assignments or pledges. -- If during any taxable year a participant or beneficiary assigns (or agrees to assign) or pledges (or agrees to pledge) any portion of his interest in a qualified employer plan, such portion shall be treated as having been received by such individual as a loan from such plan.

"Loans" under § 72(p)(1)(B) are in turn deemed to be distributions under § 72(p)(1)(A), which provides that:

> (1) Treatment as distributions —
>
> (A) Loans. -- If during any taxable year a participant or beneficiary receives (directly or indirectly) any amount as a loan from a qualified employer plan, such amount shall be treated as having been received by such individual as a distribution under such plan.

The Treasury regulations confirm that § 72(p)(1)(A) distributions are treated as "deemed distributions for tax purposes."[2]

---

[2]    See 26 C.F.R. § 1.72(p)-1. This section provides that:

(a)    Loans. Under section 72(p), an amount received by a participant or beneficiary as a loan from a qualified employer

7

While the parties appear to agree on these points of law, they dispute the significance of the deemed distribution for exemption purposes. Relying on a treasury regulation, Coppola distinguishes deemed distributions from actual distributions and contends they are dissimilarly treated for purposes of I.R.C. §§ 401, 402, and 403. By this reasoning, his partial pledge/assignment from his ORPA § 403(b) plan is a deemed distribution that does not disqualify (or otherwise render non-exempt) the plan, whereas an actual distribution, in which funds are removed from the ORPA, would be a disqualifying event. The Appellees, however, contend that there is no distinction between a deemed distribution and an actual distribution for the purposes of deciding whether the assigned/pledged amount is exempt. Their position turns on the consequence of Coppola's assignment/pledge on the <u>portion deemed distributed</u> — not on the general qualification of the § 403(b) plan itself. In their view, Coppola's assignment/pledge of a <u>portion</u> of the ORPA § 403(b) plan constitutes a deemed distribution that destroys tax qualification

---

plan is <u>treated as</u> having been received as <u>a distribution</u> from the plan (a <u>deemed distribution</u>), unless the loan satisfies the requirements of Q&A-3 of this section. . . .

(b)   Pledges and assignments. Under section 72(p), if a participant or beneficiary <u>assigns or pledges</u> (or agrees to assign or pledge) <u>any portion</u> of his or her interest in a qualified employer plan <u>as security for a loan</u>, <u>the portion</u> of the individual's interest <u>assigned or pledged</u> (or subject to an agreement to assign or pledge) is <u>treated as a loan</u> from the plan to the individual, with the result that such portion is subject to the <u>deemed distribution rule described in paragraph (a)</u>. . . .

8

<u>of that portion</u>, renders it non-tax qualified under § 403(b), and, thus, non-exempt.  We reject Coppola's position and accept that of the Appellees.

Coppola invokes IRS Regulation § 1.72(p)-1, A-12, which provides that:

> A-12:  [I]f a participant in a money purchase plan . . . has a <u>deemed distribution </u>under section 72(p), <u>the plan will not be considered to have made an in-service distribution to the participant in violation of the qualification requirements applicable to money purchase plans</u>. . . .

This regulation is plainly inapposite.  It addresses and confirms only that the integrity of the overall qualified plan or the plan's general amenability to exemption is not compromised by a debtor's assignment/pledge.

The narrower and decisive issue here, which is unaddressed by the regulation, is whether Coppola's assignment/pledge of a portion of the ORPA resulted in a deemed taxable distribution <u>of that portion</u>, resulting in its loss of exempt status under Texas law.  This is indeed the result because, as the district court held, a taxpayer's

> [r]eceipt of a deemed distribution results in a tax consequence to Coppola.  <u>See</u> 26 U.S.C. § 72(p) (providing as a general rule that all participant loans will be treated as "deemed" taxable distributions); 26 C.F.R. § 1.72(p)-1.   Therefore, funds that are deemed distributed are no longer part of a tax-exempt plan. While the funds may never have been actually distributed to Coppola, he did receive a deemed distribution, which creates a tax liability by operation of law.

9

See also In re Sallee, 286 F.3d 878, 902 (6th Cir. 2002) (holding that a § 72(p) assignment of an interest in a ESOP is a deemed distribution of the interest, eliminating its tax-deferred status).

Because Texas Property Code § 42.0021 incorporates federal tax treatment of the distribution for purposes of determining a retirement plan's exemption status, Youngblood v. FDIC, 29 F.3d 225, 228 (5th Cir. 1994), the amount covered by the deemed distribution, once effectively removed from the tax-exempt protection of the § 403(b) plan, also lacks the protection of § 42.0021.

## CONCLUSION

Based on the foregoing discussion, we conclude that: (1) Beeson has a valid security interest in Coppola's ORPA to secure his $212,000 alimony debt; (2) the assignment/pledge constituted a loan and thus a deemed distribution from the ORPA § 403(b) plan to Coppola under I.R.C. § 72(p); and (3) because the deemed distributed portion no longer qualifies under the § 403(b) plan, it is non-exempt under Texas law and the Bankruptcy Code. The judgments of the bankruptcy and district courts are **AFFIRMED**.

10