COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | | |
|---|---|---|---|
| JORGE A. LEGARRETA, | § | | |
| | | No. 08-19-00301-CV | |
| Appellant, | § | | |
| | | Appeal from the | |
| v. | § | | |
| | | 383rd District Court | |
| CLAUDIA ALVIDREZ and THE OFFICE | § | | |
| OF THE ATTORNEY GENERAL OF | | of El Paso County, Texas | |
| TEXAS, | § | | |
| | | (TC#2012DCM10214) | |
| Appellees. | § | | |

## **O P I N I O N**

Appellant Jorge Legarreta appeals the trial court's post-divorce ruling dividing real property in Texas and ordering the property sold with the proceeds divided equally between the parties except that Appellant's share is paid net of a child support lien filed by the Texas Attorney General. In a single issue, Appellant asserts the trial court erred by imposing a presumption of community property where Appellant Legarreta and Appellee Claudia Alvidrez had entered into a civil contract affirming their property as separate property—both when they married in Mexico and when they divorced in Mexico. We affirm.

### I.  BACKGROUND

Appellant and Appellee were married in Mexico on February 21, 1994. During their

marriage, they purchased a home at 1574 Rebecca Ann Drive, El Paso, Texas, (the El Paso property or El Paso home), and both of their names appeared on the property's deed of trust. On July 11, 2011, the parties divorced in Mexico. The Mexican decree[1] expressly stated there were no assets of the marriage to distribute.

On June 9, 2015, Appellee filed an original petition for post-divorce partition of the real property purchased in El Paso wherein she requested an award of one-half interest in the property. The case was assigned to the 383rd District Court, which later entered a referral order assigning the case to the associate judge of that court. On November 24, 2015, the associate judge conducted a final hearing where Appellant appeared pro se. After the associate court found the El Paso property was not divided at the time of the parties' divorce, the court ordered a partition of that property whereby net proceeds of a sale would be divided equally after payment of any outstanding mortgage, outstanding taxes, and costs of sale. The court also awarded attorney's fees to Appellee. Appellant then retained counsel and filed a motion for new trial, which was granted.

The Office of the Attorney General of Texas (OAG) filed an answer, claim for post-judgment relief, and notice of child support lien.[2] The OAG requested any funds awarded to Appellant that resulted from the sale of the subject property be redirected to the OAG to first satisfy a child support lien placed against the property. Appellant later filed a counterpetition requesting the division of a bank account not divided at the time of divorce. Appellee answered Appellant's

---

[1] Although the Clerk's Record filed with this Court includes a certified copy of the parties' Mexican Divorce Decree, translated from Spanish to English, it was not otherwise entered into evidence. Nonetheless, as discussed more fully herein, Appellant stipulated at trial to certain terms included in the Mexican divorce.

[2] The OAG became an interested party in this case when it received a Uniform Interstate Family Support Act (UIFSA) transmittal from the State of Colorado requesting the OAG file a petition to establish child support for the children of Appellant and Appellee. In 2012, the trial court issued a Child Support Review Order that ordered Appellant to pay Appellee child support and medical support.

counterpetition asserting affirmative defenses including a statute of limitations bar, laches, that the bank account was owned as separate property, and that such property was already divided by the Mexican decree. Appellee then supplemented her pleading to request foreclosure on Appellant's unpaid child support lien and to further partition additional property to include another bank account and certain equipment and machinery.

On October 2, 2017, the same associate court heard the second trial. Both parties testified regarding the El Paso real property, certain bank accounts, and matters related to a business known as "Jorge's Trucking." In open court, Appellant stipulated that multiple items were not divided at the time of divorce, including the El Paso home, certain bank accounts, and "other property that is being alleged in petitions and counter-petitions . . . ." Appellant also stipulated that the El Paso home was owned as community property at the time of divorce. At the conclusion of the hearing, the court announced it found the El Paso home was not divided at the time of divorce and ordered that it be sold, the net proceeds remaining therefrom after payment of the mortgage and costs of sale shall be divided equally between the parties, and the child support lien to be paid from Appellant's share of proceeds. The court also found that the other assets at issue were found to be the separate property of each party and would not be divided. Lastly, the court awarded attorney's fees in the amount of $6,400 to Appellee.

Appellant timely appealed the associate court's ruling to the referring court. Although Appellant presented four issues in his request for de novo hearing, he did not include an issue contesting or otherwise addressing whether the El Paso home was divided in the Mexican decree or whether that property would be deemed the separate property of Appellant. After retaining new counsel, Appellant proceeded with his request for a de novo hearing.

3

On November 4, 2019, the trial court signed a Judgment Granting Post-Divorce Partition of Real Property, ordering the El Paso home be sold, that the proceeds therefrom be split evenly between the parties, that attorney's fees of $6,400 be paid directly to Appellee's attorney from the closing/escrow agent, and that the Texas Attorney General's child support lien take priority over all funds owed to Appellant. This appeal followed.

## II. DISCUSSION

In his sole issue, Appellant argues the trial court erred in characterizing the El Paso property as community property, given the parties had entered into a civil contract affirming separate property as a matter of law when they filed their Mexican marriage application and when they later obtained a Mexican divorce. Appellant asserts the presumption of community property could not apply to the El Paso property. Responding, Appellee counters with four arguments: (1) that Appellant stipulated in open court that the house was not divided at the time of the Mexican divorce and it was not community property; (2) that Appellant made several judicial admissions with regard to assets located in the United States; (3) that Appellant waived his contentions regarding the nature of the El Paso property and whether it had been divided by failing to preserve those issues for de novo review by the referring court; and (4) that Appellant offered no proof to overcome the presumption of community property. Because we must first address whether Appellant preserved his issue for our review, we begin with Appellee's waiver argument.

### Preservation of error

Generally, we cannot reverse a trial court judgment based on a complaint not raised in the trial court. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam); *In re J.A.*, 482 S.W.3d 141, 150 (Tex. App.—El Paso 2015, no pet.). To preserve a complaint for appeal, a party must

4

present it to the trial court by a timely request, objection, or motion that specifically states the grounds for the desired ruling. TEX. R. APP. P. 33.1(a)(1).

Appellee points out that when Appellant filed his appeal to the referring court, he failed to challenge the associate court's ruling characterizing the house in El Paso as community property and property that was not divided by the Mexican divorce. Under the Texas Family Code, when a case is referred to an associate judge for any purpose, "[a] party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice of" the substance of the associate judge's ruling or order. TEX. FAM. CODE ANN. § 201.015(a). A party's request for a de novo hearing before the referring court requires the request to "specify the issues that will be presented to the referring court." *Id.* § 201.015(b). De novo review is limited to those issues which were specified in the request. *In re A.L.M.-F.*, 593 S.W.3d 271, 276 (Tex. 2019); *In re Sakyi*, No. 05-20-00574-CV, 2020 WL 4879902, at *5 (Tex. App.—Dallas Aug. 20, 2020, no pet.) (mem. op.). The intention of section 201.015(b) is to limit the appealing party's ability to raise new issues he has not specifically appealed in the de novo hearing. *Chacon v. Chacon*, 222 S.W.3d 909, 913 (Tex. App.—El Paso 2007, no pet.).

Here, Appellant timely filed a request for de novo hearing within the three working day requirement. In the request, Appellant requested a hearing on the following issues:

(1) whether or not the home at issue should be sold.
(2) whether or not the proceeds from the home if sold should be split evenly between the parties.
(3) whether or not the home is [Appellant's] homestead and the attorney general's lien should attach to it.
(4) whether or not the court should have divided the bank account held in [Appellee's] name.

However, Appellant did not include an issue on the characterization of the home or whether it was previously divided, therefore, the referring trial court was not presented with those issues in the de novo review. *In re Sakyi*, 2020 WL 4879902, at *5 (holding the trial court properly declined to hear appellant's issue when it was not specified in his request for de novo hearing). As the associate court's judgment is not vacated pending de novo review but remains enforceable, those issues not brought before the referring trial court remain in full force and effect. TEX. FAM. CODE ANN. § 201.013(a); *In re A.L.M.-F.*, 593 S.W.3d at 276.

If a matter is not presented to a trial court, the trial court has no opportunity to rule on the issue. *Knight v. Knight*, 301 S.W.3d 723, 730 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Here, because the issue was not before the referring court by Appellant's failure to include the issues in his request for de novo review, the referring trial court had no opportunity to address the issue. Moreover, a further look into the record also shows Appellant's counterpetition neither asserted that the El Paso home was held as his separate property or that it had already been divided by the Mexican divorce, but instead requested a division of a different asset (i.e., the bank account). Appellant's pleading generally asserted a bank account located in the United States was left undivided by the Mexican divorce. This affirmative pleading acts as a judicial admission that the Mexican decree left assets undivided as described by that pleading. *Phillips v. Phillips*, 296 S.W.3d 656, 668 (Tex. App.—El Paso 2009, pet. denied) (citing *Duncan v. F-Star Management, L.L.C.*, 281 S.W.3d 474, 480-81 (Tex. App.—El Paso 2008, pet. denied) ("[J]udicial admissions . . . are formal waivers of proof usually found in pleadings or the stipulations of the parties.")).

Additionally, Appellant not only failed to raise an argument of separate property during trial, but also stipulated that the El Paso home was held as community property and left undivided

6

along with other assets. As much as the Mexican divorce decree was not entered into evidence; nonetheless, Appellant himself stipulated in open court that the Mexican decree did not divide the home in El Paso and it was held as community property. Specifically, at the start of the second trial, Appellant's counsel stated:

> I believe that the parties can stipulate that the property here in El Paso was never divided, that the bank accounts weren't divided, and any other property that is being alleged in petitions and counter-petitions were not divided . . . we'll stipulate that the house was community property at the time of the divorce.

Given Appellant's stipulation at trial and his narrow request which failed to request de novo review of the characterization of the El Paso home as an issue, we conclude this issue was not preserved for our review. Here, Appellant attempts to raise a single issue on appeal pertaining to the characterization of the home as community property and whether or not it was left undivided by the parties' divorce; yet, the issue was not brought before either the associate court in the second trial or the referring trial court on de novo review. Thus, Appellant is precluded from bringing such issue on direct appeal. *Pathfinder Oil & Gas, Inc. v. Great Western Drilling, Ltd.*, 574 S.W.3d 882, 887-88 (Tex. 2019) (holding when parties stipulate on only certain issues being tried, all others are waived); *Molina v. Molina*, No. 04-95-00909-CV, 1996 WL 460041, at *1 (Tex. App.—San Antonio Aug. 14, 1996, no pet.) (not designated for publication) (holding appellant waived his right to assert on appeal the separate property nature of the property when he did not make the argument at the time of trial and did not object to the property being classified as community).

Because Appellant failed to preserve his separate property claim or the claim that this property had been previously divided, as well as stipulating to the contrary at trial, and because he failed to raise the issue in his request for de novo review by the referring court, we find Appellant's sole issue was not preserved for our review. TEX. R. APP. P. 33.1. Given this waiver, we further

7

find we need not address Appellee's remaining arguments, or the arguments raised by the OAG. TEX. R. APP. P. 47.1.

## III.    CONCLUSION

For these reasons, we affirm the trial court's judgment.


GINA M. PALAFOX, Justice

June 10, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

8