**Affirmed and Memorandum Opinion filed August 13, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00765-CV

_____

## ALAVOOR VASUDEVAN, Appellant

## V.

## DEEPA VASUDEVAN, Appellee

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 63935**

## M E M O R A N D U M   O P I N I O N

Appellant Alavoor Vasudevan and appellee Deepa Vasudevan were married in March 1992 and are the parents of one adult child. After a bench trial held on May 27, 2014, the trial court granted Deepa a divorce on the grounds of insupportability and cruelty. Alavoor filed a motion for new trial that also contained a notice of appeal.[1] The trial court denied the motion for new trial after a

---

[1] In her appellee's brief, Deepa asks us to dismiss the appeal because Alavoor did not file

hearing. Alavoor presents seven issues on appeal. We affirm.

## Characterization Errors

In his first issue, Alavoor contends the trial court erred in characterizing as Deepa's separate property a Citibank NRI Business account and a 19.8 percent interest in DLR Interest, LP, a Texas limited partnership.

The trial court must order a division of the parties' estate in a manner the court deems just and right, having due regard for the rights of each party and any children of the marriage. Tex. Fam. Code Ann. § 7.001 (West 2006). Courts employ a two-part test when reviewing alleged characterization errors. *See Jurek v. Couch-Jurek*, 296 S.W.3d 864, 873 (Tex. App.—El Paso 2009, no pet.). Application of this test requires both a showing of error and a showing that the error was harmful. *Id.* Alavoor must show the trial court clearly abused its discretion by a division or an order that is manifestly unjust and unfair. *Sharma v. Routh*, 302 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (op. on reh'g). Under this standard, legal and factual sufficiency of the evidence are not independent grounds of error; rather, they are relevant factors in assessing whether the trial court abused its discretion. *Id.*

Mischaracterization of community property as separate property is harmful and requires reversal only if the mischaracterization affects the just and right division of the community estate. *Boyd v. Boyd*, 131 S.W.3d 605, 617 (Tex.

---

a notice of appeal. *See* Tex. R. App. P. 25.1. A court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). Alavoor timely filed an instrument entitled, "Reconsideration of Trial & Notice of Appeal." In this document, Alavoor sought a new trial and, alternatively, notified the trial court of his intent to appeal. At the hearing on Alavoor's motion, Deepa's counsel acknowledged, "He's also given notice of appeal that has - - we received notice from the Fourteenth Court of Appeals." On this record, we conclude Alavoor timely filed an instrument in a bona fide attempt to perfect an appeal, which was sufficient to invoke this court's appellate jurisdiction.

App.—Fort Worth 2004, no pet.). We need not reverse the trial court if the mischaracterization has only a de minimis effect on the division. *Id.* On the other hand, if a trial court mischaracterizes separate property as community property, the error is by definition harmful, and we must reverse and remand because the subsequent division of the community estate would divest the spouse of his or her separate property. *Smith v. Smith*, 22 S.W.3d 140, 147 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003 (West 2006). The party seeking to overcome the presumption must do so by clear and convincing evidence. *Id.* Clear and convincing evidence means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Sharma*, 302 S.W.3d at 360. The property's character is determined at the inception of the party's title. *Id.* Inception of title occurs when a party first has a right of claim to the property by virtue of which title is finally vested. *Id.*

Separate property consists of all the spouse's property, both real and personal, that is owned or claimed before marriage, and that is acquired after marriage by gift, devise, or descent. Tex. Const. art. XVI, § 15. Community property consists of property, other than separate property, acquired by either spouse during marriage. Tex. Fam. Code Ann. § 3.002 (West 2006). To overcome the community-property presumption, the spouse claiming certain property as separate property must trace and clearly identify the property claimed to be separate. *Smith*, 22 S.W.3d at 144. Tracing involves establishing the separate property origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Id.*

3

Deepa overcame the community-property presumption. The record shows that Deepa's mother was to receive a share of the proceeds from the sale of a house described in a will executed by Deepa's great aunt. Pursuant to an agreement dated January 2, 2004, the house was sold for approximately $211,000. Deepa's mother died in June 2004. Deepa was her mother's sole heir. After Deepa distributed the proceeds to her relatives, Deepa received her mother's share, which was approximately $150,000. Deepa deposited the money into the Citibank NRI account. Deepa then used $52,500 from the Citibank NRI account to purchase a 19.8 percent interest in DLP Interest, LP.

Based on the foregoing, Deepa adequately traced the origin of the funds contained in the Citibank NRI account. The record supports a finding that Deepa inherited the money contained in the Citibank NRI account and used a portion of that money to purchase an interest in a limited partnership. The trial court did not abuse its discretion when it characterized as Deepa's separate property the Citibank NRI account and the interest in DLP Interest, LP. We overrule Alavoor's first issue.

### Evidentiary Rulings

In his second and fifth issues, Alavoor challenges several of the trial court's evidentiary rulings. We consider his second issue first.

Alavoor complains in his second issue about the trial court's exclusion of evidence allegedly showing that Deepa concealed gold bars and gold coins. It is unclear from Alavoor's brief and from the record what evidence Alavoor tried to submit on this issue. However, in his statement of the issue on appeal, Alavoor cites two exhibits that were excluded by the trial court: Exhibit 13 and Exhibit 14, Page 7.

Exhibit 13, which is entitled "Handwriting Diary Showing word ONLY written by Wife," is essentially Alavoor's commentary about what he claims are writing samples from Deepa's diary. Exhibit 13 contains copies of handwritten notes. The exhibit also contains Alavoor's own statements regarding the contents of a deposition exhibit. Within Exhibit 13, Alavoor attempts to connect a sample of the handwriting allegedly from Deepa's diary to statements allegedly made during the deposition. Deepa objected to the admission of Exhibit 13 as hearsay and lacking the appropriate predicate for admission. The trial court sustained the objection.

Exhibit 13 is not admissible evidence. First, Alavoor's statement regarding the contents of a deposition is inadmissible hearsay. *See* Tex. R. Evid. 801, 802. Second, the handwriting samples were not authenticated. The authentication requirement is satisfied when the proponent produces "evidence sufficient to support a finding that the item is what the proponent claims it is." Tex. R. Evid. 901(a). Alavoor did not present any evidence to support a finding that the handwriting sample was in fact Deepa's handwriting. On this record, we cannot say the trial court abused its discretion when it excluded Alavoor's Exhibit 13.

Exhibit 14, Page 7, which is entitled "(Bank locker) (WIFE handwriting)," contains mostly illegible handwritten notes. Deepa objected to Exhibit 14, Page 7, arguing that Alavoor did not lay the proper predicate for its admission. The trial court sustained the objection. Again, Alavoor did not present any evidence to support a finding that the handwriting at issue was Deepa's handwriting. *See id.* Therefore, the evidence was not properly authenticated, and the trial court properly excluded it. We overrule Alavoor's second issue.

In his fifth issue, Alavoor complains that the trial court improperly excluded the following evidence: (1) his written objections to Deepa's May 9, 2014

5

Inventory; (2) a Citibank Account Statement; (3) wedding photographs depicting Deepa's jewelry and containing Alavoor's commentary; and (4) diary entries allegedly made by Deepa. This issue is inadequately briefed. Alavoor has not cited to any authority supporting his contention that the trial court erred in excluding the proffered evidence. *See* Tex. R. App. P. 38.1(i). He has therefore presented nothing for review, and we overrule his fifth issue.

## Trial Judge Bias

In his third issue, Alavoor claims that the trial judge was biased. To the extent Alavoor contends the trial judge should have recused himself, by failing to file a motion to recuse, Alavoor did not preserve his complaint for appellate review. *See McElwee v. McElwee*, 911 S.W.2d 182, 185–86 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *see also* Tex. R. Civ. P. 18a, 18b. To the extent Alavoor contends the trial judge should have been disqualified, Alavoor has not identified, and we have not found in our review of the record, any evidence that the grounds for disqualification apply to the trial judge. *See* Tex. R. Civ. P. 18b(a). Accordingly, we overrule Alavoor's third issue.

## Division of Community Property

Because they both relate to the trial court's discretion in dividing a couple's community property, we consider Alavoor's fourth and seventh issues together. With these issues, Alavoor suggests that the trial court's division of the community estate was manifestly unjust and unfair. Alavoor asserts that the trial court abused its discretion in dividing the property of the marital estate because the court did not consider certain factors enunciated by the Texas Supreme Court in *Murff v. Murff*, 615 S.W.2d 696 (Tex. 1981). He argues the court should have divided the community property unequally in his favor. He asks this court to award him greater than sixty percent of the community property.

We review a trial court's division of property under an abuse of discretion standard. *Von Hohn v. Von Hohn*, 260 S.W.3d 631, 640 (Tex. App.—Tyler 2008, no pet.). In considering whether the trial court abused its discretion, we review the entire record to determine if the trial court acted arbitrarily and unreasonably. *Toles v. Toles*, 45 S.W.3d 252, 266 (Tex. App.—Dallas 2001, pet. denied). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Von Hohn*, 260 S.W.3d at 640. We reverse a trial court's division of property only if the error materially affects the court's just and right division of the property. *Id.* Once reversible error affecting the "just and right" division of the community estate is found, an appellate court must remand the entire community estate for a new division. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 780 (Tex. App.—San Antonio 2004, pet. denied) (quoting *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985)).

In order to determine whether the assets of the community estate were divided in a "just and right" manner, an appellate court must have the trial court's findings on the value of those assets. *See Wells v. Wells*, 251 S.W.3d 834, 840–41 (Tex. App.—Eastland 2008, no pet.). Without findings of fact, we do not know the basis for the division, the values assigned to the community assets, or the percentage of the marital estate that each party received. *Hallum v. Hallum*, No. 01-09-00095-CV, 2010 WL 4910232, at *6 (Tex. App.—Houston [1st Dist.] Dec. 2, 2010, no pet.) (mem. op.).[2] In the absence of such findings, we presume the trial court made all the necessary findings to support its judgment. *Wells*, 251 S.W.3d at 838.

---

[2] *See also Funderburgh v. Funderburgh*, No. 12-08-00428-CV, 2010 WL 2982906, at *2 (Tex. App.—Tyler July 30, 2010, no pet.) (mem. op.); *Wells*, 251 S.W.3d at 840–41; *Chacon v. Chacon*, 222 S.W.3d 909, 916 (Tex. App.—El Paso 2007, no pet.); *Mohindra v. Mohindra*, No. 14-06-00056-CV, 2007 WL 3072057, at *2 (Tex. App.—Houston [14th Dist.] Oct. 23, 2007, no pet.) (mem. op.).

Here, the trial court did not file, and Alavoor did not request, findings of fact and conclusions of law reflecting the value the court assigned to each asset or liability, the net value of the community property, or the factors considered by the trial court in dividing the marital estate. Although the trial judge made oral statements at the end of trial regarding his decision and the values he assigned to certain assets, these statements are not findings of fact, nor are recitations in the trial court's judgment. *Id.* at 840–42; *Roberts v. Roberts*, 999 S.W.2d 424, 440 (Tex. App.—El Paso 1999, no pet.); *see In re Doe 10*, 78 S.W.3d 338, 340 n.2 (Tex. 2002). The respective inventories filed by Alavoor and Deepa that assign values to the community property assets cannot serve as a substitute for findings of fact by the trial court. *Funderburgh*, 2010 WL 2982906, at *2. Finally, unlike the parties in *Wells*, the parties in this case have not conceded that Deepa actually received a larger share than Alavoor. *See* 251 S.W.3d at 841; *Mohindra*, 2007 WL 3072057, at *2 (considering propriety of unequal division when parties did not dispute that property was disproportionately divided). Consequently, "it is impossible for [us] to determine that the trial court abused its discretion in its division of the community property." *Hallum*, 2010 WL 4910232, at *6; *see Chacon*, 222 S.W.3d at 916.

The trial court could have considered any number or combination of factors to arrive at the arrangement it did. *Chacon*, 222 S.W.3d at 916. Because we do not know what value the trial court assigned to the community property assets or the percentage of the property awarded to each party, we cannot conclude that the trial court abused its discretion in dividing the community property. Accordingly, we overrule Alavoor's fourth and seventh issues.

**Denial of Motion for New Trial**

In his sixth issue, Alavoor challenges the denial of his motion for new trial.

Alavoor's written motion did not state with any level of specificity the grounds upon which he sought a new trial. At the hearing on his motion, Alavoor took issue with the court's granting of the divorce based on cruelty. He argued there was no evidence he abused Deepa or was otherwise cruel to Deepa.

We review the trial court's denial of a motion for new trial under an abuse of discretion standard. *Hinkle v. Hinkle*, 223 S.W.3d 773, 783 (Tex. App.—Dallas 2007, no pet.). A trial court abuses its discretion when it acts unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Id.* There is generally no abuse of discretion when there is some evidence to support the trial court's decision. *Id.* Every reasonable presumption will be made on review in favor of the trial court's refusal of a new trial. *Id.* Review of a trial court's action under the abuse of discretion standard is a question of law. *Id.* Legal and factual sufficiency are relevant factors to consider when determining whether the trial court abused its discretion. *Id.*

Here, the evidence is legally and factually sufficient to support the trial court's judgment granting the divorce on fault grounds. Deepa testified that Alavoor had threatened to burn down the couple's house with Deepa and their daughter inside. Deepa further testified that Alavoor had been physically abusive during the couple's relationship. Alavoor did not present any evidence at trial controverting Deepa's testimony. Because the record contains some evidence to support the trial court's denial of Alavoor's motion for new trial, the decision was neither arbitrary nor unreasonable. *See id.* The trial court's decision to deny Alavoor's motion for new trial was not an abuse of discretion. We overrule his sixth issue.

## Conclusion

Having overruled each of Alavoor's issues on appeal, we affirm the trial court's judgment.


/s/     Marc W. Brown
        Justice


Panel consists of Justices Christopher, Brown, and Wise.